The principal question to be determined on the present appeal is, what issue was raised and presented for trial by the pleadings in the action? It will therefore be necessary to refer to the most material portions of them with particularity.
The complaint, after alleging that the defendant is a corporation, incorporated under the laws of this State, engaged in the transportation of merchandise and passengers, as a common carrier, between various places in the State, and that the plaintiff and James Ward (who, it appeared on the trial, was plaintiff's partner), engaged and paid for a passage of Ward, as a passenger, over the defendant's road from the city of New York to and beyond the city of Buffalo, makes an allegation in these words, viz.: "That at the time of procuring such passage, the plaintiff and said Ward contracted with said defendant for the transportation of a certain trunk containing certain wearing apparel and other articles, the property of this plaintiff and said Ward; that said defendant then undertook and agreed, in consideration of the payment of the passage-money as aforesaid, and for the further sum of three dollars then paid to and received by said defendant, to receive and safely to transport said trunk from the place of business of this plaintiff, in the city of New York, to the depot of said defendant, at the city of Buffalo, and there to deliver the same and contents in good order to plaintiff and said Ward; that, under said contract and agreement, and in pursuance thereof, the said defendant took and received from the plaintiff and said Ward the said trunk and contents for transportation as aforesaid;" and it then states the value of the *Page 376 
trunk and its contents, and alleges the non-delivery of them after demand, and an assignment of Ward's claim and interest to the plaintiff.
The defendant, by its answer, after admitting its incorporation, and that it is a common carrier of passengers and merchandise upon its railroad between the cities of New York and Buffalo, alleges, on information and belief, as follows, viz.: "That the trunk and the contents thereof mentioned in the complaint were delivered to and received by them as the baggage of the person so delivering the same, and who had purchased of the defendant a ticket entitling him to be carried, together with his personal baggage, on defendant's railroad from New York to Buffalo; that, because the weight of said trunk and contents exceeded the weight which the defendants are accustomed to carry without further compensation than the price charged for said ticket, the defendants charged, and said person paid, the sum of three dollars, in addition to the price of said ticket, as compensation for the transportation of himself and his said baggage from New York to Buffalo; that the contents of said trunk were not the baggage of the person purchasing said ticket, but were articles of merchandise, which fact the person purchasing said ticket, and procuring said trunk to be received and checked by the defendants, fraudulently and with the intent to deceive, cheat and defraud the defendants, concealed; and said person, fraudulently, and with the like intent, represented to the defendants that said trunk contained only his personal baggage, and on such false and fraudulent representation the defendants received and checked said trunk;" and it is then stated that the said trunk, with its contents, during the transportation thereof, was destroyed and burned up without any fault or negligence of the defendant. The answer concludes with a general denial of all the allegations of the complaint, except those previously admitted or denied, all of which admissions and denials are hereinbefore set forth or particularly mentioned.
It will be seen, from what is admitted, that the trunk, with its contents, was delivered to and received by the defendant *Page 377 
for transportation to Buffalo, and that delivery thereof was to be made to the plaintiff at that place, but that it was never in fact delivered to him. The defendant, however, alleges as adefence that they were so delivered and received "as thebaggage" of the plaintiff, whereas the contents of the trunk were not his baggage, but were "articles of merchandise;" that such fact was not only fraudulently, and with the intent to deceive, cheat and defraud the defendant concealed, but that it was actually also fraudulently, and with like intent, represented to the defendant, that the trunk contained only the "personal baggage" of the plaintiff, and that it is further alleged that "on such false and fraudulent representation the defendant received and checked said trunk."
The substantial issue raised by the answer therefore, was, whether the trunk was delivered to and received by the defendant, on the representation that it contained only the personalbaggage of the plaintiff; and that was the material question litigated on the trial. Testimony was given in relation to it by both parties. That produced on the part of the plaintiff, stated that the ticket agent of the defendant was told that "the trunk was pretty heavy; that it contained samples of cutlery," and that "it weighed about 250 pounds of extra weight," before payment was made for the passage ticket, and for the additional charge of three dollars for such extra weight, the additional cost of which was estimated by the agent, and the whole amount of the charges was paid in one sum. Evidence directly in conflict with that testimony was introduced on behalf of the defendant, which was, that what was said by the plaintiff in relation to the contents of the trunk, was only that "it was extra baggage," but that he did not say at that time, that it contained samples and that "nothing of the kind was then mentioned."
After the evidence was given on both sides, the court charged the jury, among other matters, that the question for them to determine was whether, at the time the trunk was delivered or the passage ticket was purchased, the contents *Page 378 
of the trunk were disclosed to the person who issued the ticket and who received the fare; that it was incumbent on the plaintiff when he applied for the ticket and a check for his baggage, "to have told what was in the trunk," and that if there was any thing in it that was not personal baggage, the law made it his duty, on applying for the check, to disclose the contents of the trunk, and then concluded with the instruction, that if the plaintiff did make such disclosure the defendant was liable, but if he did not, then it was not liable, and a verdict should in that case be rendered in its favor. He further charged the jury, after giving those instructions, that it was incumbent on the plaintiff to satisfy them, on all the evidence in the case, "affirmativelythat he made this disclosure."
That charge distinctly, clearly and fairly presented the question in issue between the parties to the jury, and their decision in favor of the plaintiff is conclusive, unless the exceptions, or any of them, taken to the charge were well taken. They only relate to the instruction that the plaintiff was entitled to recover if he, at the time of the purchase of the ticket, informed the agent of the contents of the trunk, and, in the view above presented as to the matter in issue, they are clearly untenable.
It is proper to refer to the other exceptions taken on the trial, upon the refusal of the court to dismiss the complaint, and to instruct the jury as requested on certain propositions submitted for that purpose.
The motion to dismiss the complaint was based on two grounds: 1. "That the property destroyed was not the ordinary baggage of the passenger traveling on the ticket sold;" and, 2. That it appeared "that Westcott's Express Company (who were the ticket agents with whom the plaintiff dealt) had no authority from the defendant to receive samples."
The first ground presents substantially the same question which was raised by the exceptions to the judge's charge, and has been shown to be untenable. The other ground erroneously assumed that the authority conferred by the defendant *Page 379 
on the express company precluded them from receiving and including the samples of merchandise as a portion of the contents of the trunk. It did not sufficiently appear what the nature and extent of that authority was to justify such assumption. All the testimony on that subject was contained in the answer of Robert F. Westcott, a witness examined on the part of the defendant, who, on his direct-examination, testified that he was one of the partners in Westcott's Express Company, and that they had authority to sell tickets and check baggage from New York, and then he, after saying, in answer to a question by the counsel of the plaintiff, that the arrangement between his company and the defendant was in writing, added, in answer apparently to an inquiry by the court, as follows: "I think it does not contain that authority; I think it is a general contract for business which covers this." He then gave some evidence in relation to instructions which he had given to William P. Beers, the person in the employment of their company, who negotiated the transaction in question with the plaintiff, and who had previously been examined in relation thereto. There was not enough disclosed by that testimony of Mr. Westcott to warrant the judge in holding that the company had no authority from the defendant to receive samples. Assuming, however, that the ground was unobjectionable and proper in form, it was insufficient to warrant the dismissal of the complaint, for the reason that the question raised by it was not involved in or presented by the issue tried. That, as already shown, related to the terms and extent of the contract; and if it included, as the result of the negotiation for the transportation of the trunk, the privilege of carrying the cutlery forming a part of its contents, then the defendant was liable, and consequently there was not any ground for the dismissal of the complaint.
The requests to charge, which have been referred to, were: First. That the jury should be directed "to find a verdict for the plaintiff for the value of the trunk and the wearing apparel" (contained therein), "exclusive of the value of the samples." Second. That the defendants were "not liable for *Page 380 
the samples in the trunk." Third. "That if the jury believed that Beers had no authority from Westcott's Express Company or from the defendants to receive trunks containing samples," then the defendants were not liable for the value of the samples.
Those requests do not involve any other questions than those which have been hereinbefore considered, and the views expressed in reference to them show that the refusal to charge in accordance with them was not erroneous.
It follows, from what has been said, that there is no ground for the reversal of the judgment appealed from. It must, therefore, be affirmed, with costs.
All concur, except DWIGHT, C., not sitting.
Judgment affirmed.