# Morgan v. Flexner & Lichten.

*Motion to set aside a Judgment.*

1. *Judgment on motion; insufficient to support an appeal.*—After the hearing of a motion, an entry upon the trial docket, "Refused, and movant excepts and is given 40 days from adjournment of court to present bill of exceptions. H., Judge," is not a judgment upon such motion, but only a docket memorandum of the presiding judge, intended and operating merely as a direction to the clerk as to what judgment should be entered ; and from such entry an appeal will not lie.

APPEAL from the Circuit Court of Butler.
Tried before the Hon. JOHN P. HUBBARD.
The appeal in this case is prosecuted by A. L. Morgan

[Morgan v. Flexner & Lichten.]

from a judgment of the circuit court overruling motions made by appellant to set aside and vacate a judgment rendered against her, and also to quash a writ of *venditioni exponas* issued upon said judgment. The cause was submitted in this court, together with a motion to dismiss the appeal. The appeal being dismissed, it is unnecessary to state the facts pertaining to the rulings of the trial court upon the motions.

J. M. WHITEHEAD, for appellant.

J. C. RICHARDSON, *contra*.

McCLELLAN, J.—Motions were made by A. L. Morgan in the circuit court to set aside a judgment rendered some years previously in that court on the ground that said judgment was void, and also to quash and set aside a *venditioni exponas* issued upon said alleged void judgment a short time before the motions were made. At the end of these motions as copied into the transcript is the following: "16 Refused, and movant excepts and is given 40 days from adjournment of court to present bill of exceptions. Hubbard, Judge." This entry obviously copied from the trial docket is assumed by the appellant to be a judgment of the court overruling and denying his motions, and from it as such this appeal is prosecuted. But it is not a judgment, but only a docket memorandum of the presiding judge, intended and operating merely as a direction to the clerk as to what judgment should be entered on the records of the court. It may never have been acted on by the clerk, and will not support an appeal or an assignment of error.—*Baker v. Swift*, 87 Ala. 530; *Park v. Lide*, 90 Ala. 246.

The motion to dismiss the appeal must, therefore, prevail.

Appeal dismissed.