# Ferrell *v.* The City of Opelika.

## *Gaming.*

[DECIDED APRIL 11, 1905, 39 So. REP. 249.]

1. *Trial and Its Incidents; When No Judgment Upon the Pleadings.* —The recitals in a judgment entry that a motion to strike pleadings "being duly considered by the Court is by the Court overruled," and that the demurrers to other pleadings "being duly considered are by the Court overruled" or "sustained," do not constitute a sufficient or valid judgment of the Court

upon the pleadings, and such rulings will not be reviewed on appeal.

2   *Appeals; Insufficiency of Assignments of Error.*—Assignments of error "that the court erred in overruling defendant's motion to' strike the complaint from the file and also erred in overruling each ground of said motion to strike", and that "the court erred in overruling each of the defendant's demurrers to the complaint numbered 1, 2, 3, 4, 5 and 6, respectively," are too general to be considered by the court on appeal; since such assignments of error do not conform to rule one, Supreme Court practice.

3.   *Municipal Corporations; Validity of Ordinance; Admissibility in Evidence.*—Where an act to establish a new Charter for a municipality contains the provision that "all existing laws and ordinances adopted in pursuance of law shall remain in force until repealed or modified by the board as far as the same are not in conflict with the Charter," an ordinance of said municipality which had been adopted prior to tne passage of said act, and had not been repealed or modified after the adoption of said act, remains in force and is admissible in evidence in a prosecution for the violation thereof.

4.   *Gaming; When Private Dwelling a Public Place.*—In a prosecution for gaming in a public place, where the evidence tends to show that the place where the gaming occurred was a private dwelling, but that persons had resorted thereto on many occasions for the purpose of indulging in gaming, the question of such residence constituting a public place, under the statute, is one for the determination of the jury.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. A. A. EVANS.

The appellant in this case, Edgar Ferrell, was triea before the Recorder of the City of Opelika upon a charge for gaming, and was convicted and fined $40.00. From the judgment of conviction, he appealed to the Circuit Court of Lee County. In the Circuit Court, the City of Opelika filed against the defendant the following complaint: "The plaintiff claims of the defendant fifty dollars for the violation by the defendant of an ordinance of said City of Opelika, in words and figures as follows, to-wit:—'Any person who bets or hazards any money, bank notes, or other thing of value, at any game of cards, dice, or any device or substitute for either, contrary to

the laws of the State, within the limits of the district, shall, upon a conviction thereof, be fined not less than twenty-five dollars, nor more than one hundred dollars'; and plaintiff avers that during the month of August, 1901, the defendant, contrary to the laws of the state, did bet or hazard money at a game played with cards, at a public place within the limits of the City of Opelika, contrary to the ordinance of the city."

There were motions made to strike the complaint from the file, and also demurrers interposed to the complaint, but under the decision from the present appeal it is unnecessary to set these out in detail. The defendant pleaded the general issue and filed several special pleas, which special pleas were demurred to, but under the present decision it is unnecessary to set out these demurrers at length.

The bill of exceptions contained the several motions to strike which were filed by the defendant. On the trial of the case, the city clerk of Opelika testified that he kept the minute book of the proceedings of the city council, and that on the 1st day of May, 1899, there was passed a resolution which provided as follows: "The old city ordinances were adopted until new ones could be passed." The plaintiff then offered in evidence one of said ordinances, which was in words and figures as follows: "Any person who bets or hazards any money, bank notes, or other thing of value, at any game of cards, or dice, or any device or substitute for either, contrary to the laws of the State, within the limits of the district, shall upon conviction thereof be fined not less than twenty-five nor more than one hundred dollars."

The defendant objected to the introduction of said ordinance in evidence upon the following grounds: (1.) It had not been promulgated since the new charter was adopted; (2.) said city had no authority to pass said ordinance; and (3.) said ordinance attempted to prohibit gaming within the limits of the district of Opelika, but did not prohibit the offense charged within the city of Opelika. This motion was overruled, and the defendant duly excepted. The city clerk further testified that said ordinance had been in existence for a number of years.

[Ferrell v. The City of Opelika.]

The plaintiff then introduced several witnesses who testified that a short time before the prosecution in this case, they went to the house of one Alex McCoy about half past one o'clock at night; that the house was a private residence within the city of Opelika; that they looked through a window of said residence, and found the defendant and six other persons sitting on the floor playing cards; that they did not see any money or other things of value in their hands or on the floor; that said witnesses were members of the police force of Opelika, and after they had arrested the defendant and the other persons they found on one of the parties twenty-five cents in money, and one of the witnesses saw a nickel lying on the floor. The plaintiff also introduced other witnesses who testified that on three other occasions they had seen the defendant, and other parties, playing cards in this same house.

The defendant introduced several witnesses who testified that at the time in question they were playing cards, but there was no betting.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charge, and separately excepted to the court's refusal to give the same as asked: "For other and prior meetings at an otherwise private place such as this, to have the effect of converting it into a public place, in respect of a game subsequently played there, such other and prior meetings must have been of such character, and so repeated and continued up to near the time, as to stamp the place with such attributes of publicity as involves the idea that people of the vicinity may go and are likely to go there at will, and may and are likely to go there at will, the idea of a public meeting place for the neighborhood."

There was verdict and judgment in favor of the plaintiff, assessing a fine of twenty-five dollars. From this judgment, the defendant appealed. The first four assignments of error were as follows: (1.) The Court erred in overruling defendant's motion to quash the proceedings against him, and also erred in overruling each separate ground of said motion. (2.) The Court erred in overruling defendant's motion to strike this complaint

[Ferrell v. The City of Opelika.]

from the file, and also erred in overruling each ground of said motion to strike. (3.) The court erred in overruling each of defendant's demurrers to complaint, numbered 1, 2, 3, 4, 5 and 6, respectively. (4.) The court erred in sustaining each of plaintiff's demurrers to defendant's pleas, numbered 3, 4, 5, 6 and 7, respectively.

The defendant also assigned as error the rulings of the trial court upon the evidence to which exceptions were reserved and the refusal of the Court to give the charge requested by him.

B. T. PHILLIPS, and HOUSTON & POWER, for appellant. —Where municipal corporations are granted the power to enforce municipal ordinances by reasonable fines, the amount of the maximum penalty must be fixed by the corporate body and not left to the discretion of the trial court.—*State v. Mayor of Atlantic City*, 37 Alt. Rep. 444; *Mayor, etc., of Huntsville v. Phelps*, 27 Ala. 55.

ALBERT E. BARNETT, for Appellee.—The assignments of error do not follow the rule of practice, and will not be considered on appeal.—2 Ency. Pl. and Pr., 939 and note; *Florer v. State*, 133 Ind. 453.

General assignments of errors will not be considered by the court.—*Williams v. Coosa Mfg Co.*, 33 Sou. 1015.

In the case of cities chartered by special act, unless the charter requires publication of ordinances, the only promulgation required is that required by the Bill of Rights: "No person shall be punished but by virtue of a law established and promulgated prior to the offense, and legally applied."—*Pitts v. Opelika*, 79 Ala. 527.

"When a criminal statute has been passed, it is established and promulgated 'within the meaning of the Bill of Rights.' "—Constitution, Article I, Sec. 7; *Eliza v. State*, 39 Ala. 693; *Aaron v. State*, 39 Ala. 684.

HARALSON. J.—1. The ruling and judgment of the court on the motion to strike, and on demurrer to the complaint, should appear in the judgment entry. The bill of exceptions is the proper place to show the cir-

cumstances, but the ruling itself is a judgment and should appear in the record proper.—*U. S. R. S. Co. v. Weir,* 96 Ala. 401; 3 Brick. Dig. p. 78 § § 4, 7. The second entry of the ruling on the motion to strike is, "which motion being duly considered by the court, is by the court overruled," and on demurrers to the complaint, the same "being by the court duly considered are by the court overruled and held for naught." The same thing is true in reference to the motion to quash the complaint, and also to the pleas, as to which the judgment entry recited, "Demurrers to pleas 3, 4, 5, 6 and 7, as shown by the record, being by the court duly considered are by the court sustained."

These were not sufficient or valid judgments, but merely a memorandum of the ruling of the court, and will not be reviewed on appeal.—*Morgan v. Flexner,* 105 Ala. 356; *Hereford v. Combs,* 126 Ala. 369; *Cartlidge v. Sloan,* 124 Ala. 596; *B. L & I. Co. v. Dubose,* 125 Ala. 442; *Dantzler v. S. C. M. Co.,* 128 Ala. 410. Moreover, the assignments of error as to each of these rulings are too general to be considered. They do not conform to Rule 1, of Suprme Court Practice.—*Williams v. Coosa Mfg. Co.,* 138 Ala. 673.

2. On the 12th of December, 1882, the Legislature passed an act to repeal the charter of the city of Opelika. Acts, 1882-3, p. 245. On the same day, it passed another act "To establish a new charter for the city of Opelika," p. 245. By that act, it was provided in section 19, "That the said city council shall have the power and authority to pass all by-laws and ordinances that may be deemed necessary and proper for the government of said city, not inconsistent with the laws of the state, and the same to alter or repeal at pleasure." In the same section, the council was given authority to take jurisdiction of assaults, and assaults and batteries, and to punish each offender by fine in sum not to exceed $50.00," etc., which provision is immediately followed by another, "and generally to impose fines for violations of city ordinances and collect the same," etc. This latter provision, and the one first quoted above, referred to violations of city ordinances in general, and not to the special power conferred to try and fine offenders for assaults and as-

saults and batteries, which were criminal offenses against the state.

On the 19th of February, 1883, the Legislature passed another act, "To incorporate the district of Opelika and provide for the government thereof."—Acts, 1882-3, p. 485. This act provided that it should go into effect from and after its passage, and that all laws and parts of laws in conflict with its provisions were thereby repealed. This act contained the same provisions as did the charter of the city just referred to in reference to assaults and assaults and batteries, and the power to pass ordinances generally for the good of the district.

On the 20th of February, 1899, the Legislature passed another act, "To establish a new charter for the district of Opelika," which contained like provisions as to assaults and assaults and batteries, and the passage of laws generally for the good of the district, as the two last acts already referred to.

Thereafter, on the 21st of February, 1899, an act was passed "To change the corporate name of the district, to the name of the city of Opelika. Said act of the 20th of February to establish a new charter for the district of Opelika, contained the provision that "all existing laws and ordinances of said city, adopted in pursuance of said law, shall remain in force until repealed or modified by the board, as far as the same are not in conflict with this charter, and all powers granted by this act must be liberally construed in favor of the power of the city to pass such laws."

The change of the city charter does not affect existing ordinances in harmony with new provisions.—Dillon on Mun. Corp. §§ 85, 419.

Under the old charters, the city or district had the power to pass the ordinance set out in the complaint, and it was continued in force and effect by the charter itself. The limits of the city under the new charter and the district acts were identical.

The objections to the introduction of the ordinance set out in the complaint, were without merit and properly overruled.

"Any place, which for the time is made public by the assemblage of people, is a public place within the mean-

ing of the act against gaming."—*Campbell v. State,* 17 Ala. 369. "Any house to which all who wish may go, night or day, and indulge in gaming is a public place, within the meaning of the statute."—*Smith v. State,* 52 Ala. 384; *Jacobson v. State,* 55 Ala. 151.

*Prima facie,* a dwelling is a private place, but when the evidence tends to show that it is used for other than private purposes, and as a resort by those who would indulge in gaming, the question of its being also a "public place", under the statute, is properly left to the jury. 1 Mayfield's Dig. 372, § 94.

· The use of the word "public" in the sentence—"the idea of a public meeting place for the neighborhood,"— as employed in the concluding part of the charge requested for defendant, was calculated to mislead the jury, and was on that account, if for no other, not improperly refused.

Affirmed.

McCLELLAN, C. J., DOWDELL and DENSON, JJ., concurring.