# Southern Railway Company *v.* Foster.

*Damages for Loss of Goods.*

(Decided February 4, 1913. 60 South. 993.)

1. *Appeal and Error; Finding of Court; Conclusiveness.*—Where the action was tried by the court without a jury, its findings on the facts must be given the same force and effect on appeal as the verdict of the jury.

2. *Same; Harmless Error; Plea.*—Where a defendant had the benefit under the issues made on the trial of all the special matters set up in the pleas to which demurrers were sustained, the sustaining of such demurrers were not prejudicial.

3. *Same; Review; Motion for New Trial.*—Where the bill of exceptions fails to show proof in support of the grounds alleged for granting the motion, or that due diligence was made to procure the newly discovered evidence at the trial, and had been unavailing, the court will not review on appeal, the denial of the motion for a new trial.

4. *Carriers; Baggage; Notice to Initial Carrier; Connecting Carrier.*—Notice of the contents of one of plaintiff's trunks given to the authorized agent of the initial carrier, selling a through ticket over connecting lines, was notice to the connecting carrier over whose lines the initial carrier was authorized to contract, and did sell the ticket by which the connecting carrier, through the initial carrier as its agent, contracted to transport plaintiff and her baggage over their lines.

[Southern Railway Company v. Foster.]

5. *Same; Liability of Connecting Carrier.*—Where the plaintiff, when buying a through ticket from the agent of an initial carrier authorized to sell transportation over connecting lines, notified the duly authorized baggage agent of the initial carrier that one of plaintiff's trunks contained merchandise and tools, and such trunk was accepted by such agent and checked as baggage, and lost in transportation by the connecting carrier, plaintiff was entitled to recover from the connecting carrier the value of the trunk and its contents, although it did not contain personal baggage.

6. *Same; Liability for Loss.*—A carrier's liability for loss of a passenger's baggage is that of a carrier of goods for hire, through the carrier transports the baggage as an incident to the carriage of the passenger.

7. *Same.*—The carrier's liability being that of an insurer, it was liable for the loss of plaintiff's trunk while in its possession as a carrier for transportation.

8. *Same; Burden of Proof.*—Where there was proof of the receipt by defendant for transportation under a through contract of plaintiff's trunk, and its loss, the burden was cast on defendant to acquit itself of negligence.

9. *Same; Evidence.*—Where the connecting carrier, the defendant, accepted one of plaintiff's trunks for transportation, pursuant to a through contract for the transportation of plaintiff and its baggage, and the baggage was lost while in defendant's control, the fact that the baggage was not carried on the same train with plaintiff, but without her knowledge and consent or fault, was detained in transit by an intermediate carrier, and failed to follow the route called for by plaintiff's ticket, was not material.

APPEAL from Lauderdale Circuit Court.

Heard before Hon. C. P. ALMON.

Action by Bessie Foster against the Southern Railway Company for loss of baggage. Judgment for plaintiff, and defendant appeals. Affirmed.

C. E. JORDAN, for appellant. Merchandise or other valuables are not baggage although carried in trunks of passengers.—3 Hutchison on Carriers, secs. 1242-1249; *C. of Ga. v. Joseph*, 125 Ala. 313; 102 Am. St. Rep. 316; 148 U. S. 627. By tendering something which is not baggage, as baggage, the passenger practices a fraud on the carrier.—*So. Ex. Co. v. Owen*, 146 U. S. 412; 148 U. S. 627; 56 Am. Dec. 420; 58 N. E. 813. To support trover, there must be proof of a tortious act, as

distinguished from non feasance or non performance of duties.—*Davis v. Hurt*, 114 Ala. 146; *Bolling v. Kirby*, 90 Ala. 215. Trover will not lie for bare non-delivery of goods unless in possession of the carrier and he refuses to deliver, nor will it lie for goods lost or stolen by the carrier's negligence.—*A. & T. R. R. Co. v. Kidd*, 35 Ala. 209; *A. & A. R. R. Co. v. Ledbetter*, 92 Ala. 326; *L. & N. v. Scheinert*, 156 Ala. 411. A carrier occupies the position with reference to merchandise carried as baggage as a bailee without hire, and is only liable for gross negligence.—*Melbourne v. L. & N.*, 88 Ala. 448; 58 N. E. 813; 148 U. S. 627; 30 Am. Rep. 667. Only under peculiar circumstances can an ordinary bailee be regarded as negligent if he employs ordinary diligence.—*Seals v. Edmondson*, 71 Ala. 509; *So. Ry. v. Aldridge*, 142 Ala. 368.

S. W. FRIERSON, for appellee. The assignments of error do not conform to rules 23 and 26, Supreme Court Practice. The first assignment is too general, as is the 2nd and 4th.—*Ashford v. Ashford*, 136 Ala. 631; *Williams v. Coosa Mfg. Co.*, 138 Ala. 673. None of the assignments are as definite and precise as the law requires.—*Ferrell v. City of Opelika*, 144 Ala. 135. The court was not in error in refusing motion for new trial.—*McLeod v. Shelby Mfg. Co.*, 108 Ala. 83. No evidence was offered in support thereof.—*Cobb v. Malone*, 92 Ala. 630. Having received the trunk with knowledge of its contents and checked it in accordance with the ticket purchased, both of which was in the authority of the initial carrier's agent, it became and was the duty of defendant to transport and deliver the same.—*C. of Ga. v. Joseph*, 125 Ala. 318; Hutchison on Carriers, sec. 678. The limitation of liability in the ticket or baggage check is governed by the same rule of construction

as is the limitation in a bill of lading.—*M. & O. v. Hop-
kins,* 41 Ala. 486.

PELHAM, J.—The principal facts in the case are
without controversy, and the case was tried before the
court sitting as judge and jury. The appellee purchased
a second-class passenger ticket at Savannah, Ga., from
the Seaboard Air Line Railroad Company, entitling her
to transportation as a passenger over the line of that
common carrier and other connecting carriers, includ-
ing the appellant company, to the point of her destina-
tion, Florence, Ala. At the time the appellee bought
her ticket at Savannah, she checked as baggage on that
ticket, as an incident to her passage and contract of
carriage, two trunks, one of which trunks was delivered
to her at Florence without damage or delay and is not
involved in this suit. The other trunk was never deliv-
ered, having been lost in transit, and appellee brings
this action to recover damages for its loss.

The only controverted fact arising on the trial grows
out of the disputed question as to whether or not the
appellee, at the time she checked the trunk, informed
the initial carrier's baggage agent at Savannah, who
checked it, of the contents of the lost trunk, and, as
the case was tried by the court without the intervention
of a jury, the finding and conclusion of the court stands
as the finding of a jury on the controverted questions of
fact.—*Winter-Loeb Grocery Co. v. Mutual Warehouse
Co.,* 58 South. 807, and cases there cited. The appel-
lee, as plaintiff in the court below, testified on the
trial that, at the time she checked the steamer trunk
(the trunk lost being of that description) at Savannah,
she paid the amount demanded for excess baggage and
informed the baggage agent of the Seaboard Air Line
Railroad Company, who checked it, that the trunk con-

tained hair and hair tools; that after collecting the excess baggage and receiving notice of the contents of the trunk the defendant's agent accepted and checked it as baggage. The plaintiff was a hair dresser and manicurist, and the articles in the lost trunk were principally articles, or tools of trade, used by the plaintiff in connection with her business, or merchandise (hair) kept by her for sale or use in connection with her said business. The baggage agent was not examined as a witness on the trial, but two of the defendant's agents or employees testified that the plaintiff, when being interrogated by them with reference to the lost trunk, stated that she had not informed the baggage agent of the contents of the trunk at the time of checking it. The judge sitting as a jury determined this issue of fact in favor of the plaintiff, as is shown by the rulings of the court, and that question is to be considered in passing on the questions presented on this appeal, under the rules governing the consideration of such questions by the reviewing court, as a fact established by the evidence.

The notice of the contents of the trunk given by the passenger to the authorized agent of the carrier at Savannah selling the through ticket was notice to the connecting carriers, over whose lines the initial carrier was authorized to contract for and sell, and did contract for and sell, the ticket by which the connecting roads, through the initial carrier as their agent, contracted to transport the plaintiff, and the plaintiff's baggage accepted by that carrier, over their lines. The company selling and contracting for through transportation over different lines generally stipulates in the contract of passage that it is acting as agent of the other companies, and, in the absence of a special contract to the contrary, it is the agent in the transaction of the sev-

eral companies over whose lines the transportation is sold, and they are bound by the acts of such agent acting within the line and scope of the agent's authority in selling tickets and accepting passengers and baggage for transportation over their respective lines.—*Wolff v. Cen. R. Co.*, 68 Ga. 538, 45 Am. Rep. 501. If the act of the baggage agent in accepting the trunk as baggage with knowledge of its contents would make the initial carrier selling the ticket liable for the kind of articles contained in the trunk, then the several companies over whose lines the agent of the initial carrier sold the through transportation would also be charged with knowledge or notice of the contents of the trunk and equally liable in this respect, for the agents of the initial carrier acted as the agents of each of the connecting carriers in selling and contracting with the plaintiff for through transportation over the lines of such connecting carriers and in accepting and checking her baggage, and knowledge of the contents of the trunk by the agent would be notice to the principal.—*Kelly v. Burke*, 132 Ala. 235, 31 South. 512; *Phoenix Co. v. Copeland*, 86 Ala. 551, 6 South. 143, 4 L. R. A. 848; *Terry v. Bank*, 99 Ala. 566; 13 South. 149.

The defendant, then, having had notice through its agent, the duly authorized baggage agent of the initial carrier, that sold the ticket entitling the plaintiff to through passage and transportation of herself and baggage over its railroad as an intermediate carrier, that the trunk contained the articles in question, and such agent having accepted the trunk and checked the same as baggage with knowledge of its contents, the plaintiff would be entitled to recover for the loss of such articles, although they were not what are generally known, designated, and regarded as the personal baggage of a passenger, but consisted of merchandise or other articles.—

[Southern Railway Company v. Foster.]

St. L. & S. F. R. R. Co. v. Lilly, 1. Ala. App. 320, 55 South. 937; Strouss v. Wabash, St. L. & P. Ry. Co. (C. C.) 17 Fed. 209; Jacobs v. Tutt (C. C.) 33 Fed. 412; Stoneman. v. Erie Ry. Co., 52 N. Y. 429; Perley v. R. R. Co., 65 N. Y. 374; Rider v. Ry. Co., 14 Mo. App. 529; Bowler & Burdict Co. v. R. R. Co., 10 Ohio. Cir. Ct. R. 272; Oakes v. N. P. R. R. Co., 20 Or. 392, 26 Pac. 230, 12 L. R. A. 318, 23 Am. St. Rep. 126; Texas & Pac. Ry. Co. v. Capps, 2 Willson, Civ. Cas. Ct. App. § 34; Ft. Worth & R. G. Ry. Co. v. Rosenthal Millinery Co., (Tex. Civ. App.) 29 S. W. 196.

The evidence is without conflict that the trunk was accepted as baggage, checked, and taken into custody by the initial carrier on the plaintiff's ticket entitling her to ride as a passenger over the defendant's railroad as an intermediate carrier to the point of her destination. It is also shown without conflict in the evidence that the defendant carrier received the trunk from a connecting carrier while the trunk was in transit and failed to deliver it to the next connecting carrier, or to the plaintiff. In fact, it is shown by the agreed statement of facts introduced on the trial that the defendant company, an intermediate carrier, received the trunk while en route to its destination, and that it was lost, or stolen, while in the custody and care of the defendant or its agent at Tuscumbia, Ala.; having been taken from the platform of the depot at that place by some unknown person.

While the carrier transports the baggage of a passenger as an incident of the carriage, its liability for the loss of the personal baggage of the passenger delivered to and taken possession of by it is that of a common carrier of goods. See cases cited in Cyc., under the title of Carrier, p. 662, note 4.

The fact that the baggage was not carried on the same train with the passenger, and was without her knowledge or fault deviated while in transit by some intermediate carrier and failed to follow the exact routing called for by the plaintiff's ticket, is immaterial when the evidence shows, as it does in this case, without conflict, that the defendant, as a connecting intermediate carrier for the purpose of fulfilling the contract of carriage over its line as such connecting carrier, actually received the baggage while in transit under the contract for through transportation, and, while undertaking the continuous transportation of the baggage under the contract as such intermediate carrier, failed to perform the contract without fault of the plaintiff.—*Wilson v. C. & O. R. R. Co.,* 62 Va. 654; *Western Ry. of Ala. v. Hart, et al.,* 160 Ala. 599, 49 South. 371. Proof of the loss of the trunk after its receipt by the defendant cast the burden of proof upon the defendant of acquitting itself of negligence.—*C. of Ga. Ry. Co. v. Jones,* 150 Ala. 379, 43 South. 575, 9 L. R. A. (N. C.) 1240, 124 Am. St. Rep. 71. In this case the facts show that it was stolen from its possession, while its custody was that of a carrier and its liability that of an insurer. The demurrers aimed at the first three counts of the complaint are manifestly not well taken, and the assignments of error directed at the rulings on these demurrers are too general to be considered.—*Ferrell v. City of Opelika,* 144 Ala. 135, 39 South. 249; *Williams v. Coosa Mfg. Co.,* 138 Ala. 673, 33 South. 1015.

The same is true with respect to the assignment of error going to the court's rulings on the plaintiff's demurrers to the defendant's various pleas. Besides, these rulings, if erroneous (and we do not think they are), would be without injury, as the defendant is shown to have had the benefit of all the special matters

set up in the pleas to which demurrers were sustained under the issues made upon the trial.

The court's rulings on the evidence are free from error. From what we have said it will be seen that it was entirely proper to admit evidence of the loss and value of the articles in question in view of the testimony of the plaintiff that she had informed the agent who checked the baggage on the through ticket that the trunk contained such articles.

There was no error in the judgment rendered by the court. The evidence supported the judgment on the counts of the complaint seeking a recovery for failure to deliver baggage received by it as a common carrier, to which counts the judgment was referable.

The motion for a new trial was without merit.—*M. & O. R. R. Co. v. Hopkins,* 41 Ala. 486, 94 Am. Dec. 607; *So. Ex. Co. v. Owens,* 146 Ala. 412, 41 South. 752, 8 L. R. A. (N. S.) 369, 119 Am. St. Rep. 41, 9 Ann. Cas. 1143. Nor does the bill of exceptions show that proof in support of the allegations set out as grounds for granting the motion was adduced on the hearing of the motion, or that any showing was made that due diligence to procure the testimony had been unavailingly used.

No error appears, and the judgment of the court appealed from will be affirmed.

Affirmed.