(92 South. 468)

## NEAL et al. v. FUQUA. (3 Div. 560.)

(Supreme Court of Alabama. April 27, 1922.)

**1. Appeal and error ⚌134(2)—Indorsement on motion for new trial held not sufficient memorandum of its denial to support an appeal or an assignment of error.**

Where no docket memorandum was made of overruling of a motion for a new trial, and no reference to the motion was made in the judgment, the record disclosed no judgment on the motion, and a memorandum indorsed on the motion that it was overruled and defendant excepted was not sufficient to support an appeal or an assignment of error.

**2. Appeal and error ⚌934(1)—Presumed that motion in arrest of judgment was filed after judgment.**

Where a record was silent as to the date of filing a motion in arrest of judgment where judgment was rendered March 9, in view of an indorsement on the motion under date of March 15 that it was overruled, and defendant excepted, it will be presumed that the motion was filed March 15, or after judgment, instead of which it should have been filed after verdict and before judgment.

Appeal from Circuit Court, Escambia County; A. E. Gamble, Judge.

Action by K. G. Fuqua against W. T. Neal and others in assumpsit. Judgment for the plaintiff, and defendants appeal. Transferred from Court of Appeals under section 6. Acts 1911, p. 450. Affirmed.

This suit was brought by appellee originally against H. G. Harold, and subsequently amended by adding Neal and McMillan, as trustees, as parties defendant. Count 1 was a common count claiming $140 due for debt for chattels sold, and the second count specially for the purchase price of one ox. All defendants pleaded the general issue, and in short by consent any other defense. The issues were submitted to a jury, resulting in a verdict for plaintiff against Neal and McMillan, as trustees, and a verdict in favor of defendant Harold. From the judgment against Neal and McMillan, as trustees, they have prosecuted this appeal.

The judgment bears date March 9, 1921, and the judgment entry makes no reference to any motion filed by any of the parties. There appears in the record, without date, and also without date of filing, a motion by these appellants in arrest of the judgment in the cause upon the ground that the verdict and judgment in favor of the defendant Harold worked a discontinuance of the cause as to the movants. Indorsed on this motion is the following: "March 15, 1921, motion overruled, and defendant excepts. Gamble, Judge."

Leon G. Brooks, of Brewton, for appellants.

There was a discontinuance when the verdict was returned in favor of the original defendant, and there was no waiver by the other defendants of their right to move in arrest of judgment, as the question could not have been raised until after the verdict. Section 5367, Code 1907; Acts 1915, p. 605; 145 Ala. 617, 39 South. 576; 16 Ala. App. 608, 80 South. 682; 205 Ala. 210, 87 South. 203; 202 Ala. 62, 79 South. 456.

Hamilton, Page & Caffey, of Brewton, for appellee.

(1) The record shows no judgment of the court on defendants' motion in arrest of judgment, and the appeal, therefore, should be dismissed. Morgan v. Flexner & Lichten, 105 Ala. 356, 16 South. 716; Hall v. First Bank of Crossville, 196 Ala. 627, 72 South. 171; Moran v. State, 15 Ala. App. 379, 73 South. 748; Park v. Lide, 90 Ala. 246, 7 South. 805; Ferrell v. City of Opelika, 144 Ala. 135, 39 South. 249; Edwards v. Davenport, 11 Ala. App. 423, 66 South. 878.

(2) A motion in arrest of judgment must be made before the judgment is rendered. Hampton v. State, 133 Ala. 180, 32 South. 230; Ex parte Dean & Jones, 154 Ala. 265, 45 South. 152; State v. Commercial Bank, 6 Smedes & M. (Miss.) 218, 45 Am. Dec. 280; Hurt v. Ford, 142 Mo. 283, 44 S. W. 228, 41 L. R. A. 823; 15 R. C. L. pp. 608 and 662, pars. 47 and 134; 2 Ency. Pl. & Pr. 817; 23 Cyc. 833.

GARDNER, J. This appeal is upon the record, there being no bill of exceptions.

[1] The only assignment of error is the action of the court in overruling the motion in arrest of the judgment, and the only reference as to any such action appears to be by way of memorandum indorsed on the motion itself to the effect that the motion was overruled. As we understand the record, there was not even a docket memorandum made, and no reference to the motion is found in the judgment of the court. The record therefore discloses no judgment whatever upon the motion, and the memorandum indorsed thereon would therefor neither support an appeal nor an assignment of error. Such is the effect of the holding in Morgan v. Flexner, 105 Ala. 356, 16 South. 716; Park v. Lide, 90 Ala. 246, 7 South. 805; Ferrell v. City of Opelika, 144 Ala. 135, 39 South. 249; Hall v. First Bank of Crossville, 196 Ala. 627, 72 South. 171; Edwards v. Davenport, 11 Ala. App. 423, 66 South. 878.

[2] Moreover, the record is entirely silent as to the date of the filing of this motion. It is a well-known rule that presumptions are indulged in favor of the ruling of the court below. The judgment was entered on March 9th. The date indorsed thereon of the memorandum herein referred to is of March 15th.

---

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

In this condition of the record, it must be presumed that the motion was presented after the rendition of the judgment. Motions in arrest of judgment should properly be presented after the verdict and before the judgment. Hampton v. State, 133 Ala. 180, 32 South. 230; 15 R. C. L. 608; State of Miss. v. Comm. Bank, 6 Smedes & M. (Miss.) 218, 45 Am. Dec. 280. See, also, Slocumb v. N. Y. Life Ins. Co., 228 U. S. 364, 33 Sup. Ct. 523, 57 L. Ed. 879, Ann. Cas. 1914D, 1029.

It results the judgment will be affirmed. Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.