## BRYAN *vs.* THE STATE.

[APPEAL FROM ORDER DIRECTING CHANGE OF VENUE.]

1. *Appeal in criminal case; when cannot be taken.*—An appeal cannot be taken to this court in a criminal case, until there has been a final trial on the indictment; there can be no appeal, on the ruling of the court, on an application for a change of venue, and if so taken, will be dismissed on motion of the State.

APPEAL from the Circuit Court of Elmore.
Tried before the Hon. JAMES Q. SMITH.

At the spring term, 1869, of Elmore circuit court, two indictments were found against Henry Bryan—one for burglary, and the other for larceny. At the same term, the court, upon the sworn petition of defendant, that on account of the actions and declarations of many of the most prominent citizens of the county, "one of whom

(naming him) had publicly offered to subscribe money with which to employ counsel to prosecute defendant, and expressed the belief that he was guilty, and ought to go to the penitentiary ; and on account of the clerk of the court and sheriff of the county having acted likewise, and made similar declarations, he could not have a fair and impartial trial, on said cases, in the county of Elmore," ordered the venue changed to the county of Autauga.   The evidence in the bill of exceptions, so far as is necessary to an understanding of the legal points decided, is fully set out in the opinion of the court.

The attorney-general moves to dismiss the appeal—" 1st. Because the record does not show that any appeal has been taken.   2d. Because the record filed does not give the court jurisdiction of the cause."

RICE, GOLDTHWAITE & SEMPLE, for appellant.
JOSHUA MORSE, Attorney-General, *contra*.

[No briefs came into the reporter's hands.]

*Per Curiam.*—The appeal in this case must be dismissed, because there has been no final trial, on the indictment, in the court below.

The indictment was found by the grand jury of Elmore county.

The accused made an application to the court, in that county, for a change of venue, for causes set out in his affidavit.

The court granted the application, and ordered the venue to be changed to the county of Autauga.

The bill of exceptions shows that on the hearing " it was admitted by the counsel for the State and ·defendant, that Montgomery county was the nearest court-house.   It was also stated that Montgomery county was the nearest county, free from exceptions.   It was also stated, that Autauga county, the court-house of which is only five miles further than Montgomery court-house, is, also, free from exceptions, and the county solicitor and his associate counsel, proposed the trial to take place in Autauga county."

On 'this evidence, the court ordered the venue to be changed to Autauga county. To this ruling of the court, the accused excepted, and, before any further proceedings in the case, appeals to this court.

We do not, on this appeal and motion to dismiss, decide whether this ruling of the court can, or cannot, be revised in this court. If it can, the accused must wait until the case is finally disposed of.

We will, however, state that we should be better satisfied, if the court, on the admission made by the counsel of the State and the accused, had sent the case to the county of Montgomery for trial.