[Edwards v. Davenport.]

# Edwards v. Davenport.

### *Assumpsit.*

(Decided November 12, 1914.  66 South. 878.)

1. *Appeal and Error; Decisions Appealable; Final Judgment.*—The mere announcement of an opinion by the court or even the entry by the clerk of the court on the trial or motion docket of the court's rulings on demurrer or motion, is not a final judgment within section 2837, Code 1907, authorizing an appeal therefrom, but is merely a direction to the clerk.

2. *Same; What Is.*—The action of the circuit court in dismissing on motion an appeal from a judgment rendered in a justice court, and in refusing to allow the amending or making of a new appeal bond, which action was indicated only by an informal memorandum copied into the minutes from the judge's bench notes, was not a final judgment from which an appeal will lie under section 2837, Code 1907.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Mrs. L. T. Edwards appeals from the action of the circuit court, dismissing her appeal to that court, from the justice court wherein T. A. Davenport obtained a judgment against her.  Appeal dismissed.

G. M. EDMONDS, for appellant.  The appellant should have been allowed to make a new bond.—Sec. 4719, Code 1907; *Ex parte Webb,* 58 Ala. 109, and authorities there cited; *Orr v. Sparkman,* 23 South. 829; *Commissioners Court v. Wilborn,* 155 Ala. 192.  The appeal should not have been dismissed.—*L. & N. v. Lile,* 45 South. 699; 2 Cyc. 919, note 6.

W. M. WOODALL, for appellee.  An objection that an appeal has not been taken within the statutory period is one that goes to the jurisdiction of the appellate court, and an appeal so taken cannot be considered, and will be dismissed.—Sec. 2837, Code 1907; *Central T. Co. v.*

*Green,* 44 South. 540; *Ireland v. Brown,* 60 South. 559; 2 Cyc. 851, 920; *Hodnett v. Blankenship,* 44 South. 376. The provisions of section 4719, Code 1907, cures only defective and not void appeal bonds from the court of common pleas.—*Ex parte Webb,* 58 Ala. 109; 2 Cyc. 847; *Henry v. Gamble,* Minor 6. It follows therefore that the court was not in error in its rulings, but in any event, the judgment was not appealable, and will not sustain in appeal.—Authorities supra.

THOMAS, J.—The statute (Code, § 2837), authorizing appeals to the Supreme Court from "any final judgment or decree of the chancery, circuit, or courts of like jurisdiction," contemplates a formal entry of the judgment or decree appealed from; and, until so entered, there is no "final judgment" which will sustain an appeal. The mere announcement of an opinion by the court, or even the entry by the circuit or city court on the trial or motion docket of its rulings on demurrers or motions, is not a judgment, but merely a direction of the presiding judge to the clerk as to what judgment should be entered on the records of the court. Until such direction has been acted on by the clerk, and formal judgment accordingly entered into the minutes of the court, reciting that "it is ordered and adjudged by the court," or "it is the judgment of the court that," etc., or other words of equivalent import, it is without appealability, for, until such an entry, though it has "the character of potentiality, it lacks the character of actuality as a judgment, and is without probative force."—*Wynn, et al. v. McCraney,* 156 Ala. 630, 46 South. 854; *Morgan v. Flexner,* 105 Ala. 356, 16 South. 716; *Ferrell v. City of Opelika,* 144 Ala. 135, 39 South. 249; *McDonald v. Ala. Mid. Ry. Co.,* 123 Ala. 228, 26 South. 165; *Long v. Holley,* 157 Ala. 514, 47 South.

655; *Bell v. Otts*, 101 Ala. 187, 13 South. 43, 46 Am. St. Rep. 117; *Mutual Ben. L. Ins. Co. v. Lehman*, 132 Ala. 641, 32 South. 733; *Ala. Nat. Bank v. Hunt*, 125 Ala. 519, 28 South. 488.

In the present case the appellant seeks to review the action of the lower court in dismissing on motion of the opposite party, an appeal taken by her to that court from a judgment rendered against her in a justice court, and in refusing to allow her to amend or make a new appeal bond. It appears that the appellee here had sued her (the appellant) in justice court, and that in that court he had obtained judgment against her on January 9, 1913, for $38.05; that later a garnishment was issued upon the judgment, and, the garnishee having answered "indebted," the appellant, as defendant, filed a claim of exemption to the sum owed her by the garnishee, and, upon contest of such claim by the appellee as plaintiff, there was judgment disallowed said claim on April 9, 1913. Appellant then, on April 12, 1913, filed with the justice an appeal bond, which was duly approved on April 12, 1913, which recited that:

"Whereas the said T. A. Davenport [plaintiff below and appellee here] has obtained a judgment before [naming the officer] on the 9th day of January, 1913, against Mrs. L. T. Edwards [defendant below and appellant here] for the sum of $38.05, besides costs, from which judgment the said Mrs. L. T. Edwards has taken an appeal to the circuit court for said county: Now," etc.—the usual conditions following.

In the circuit court, the plaintiff (appellee) made motion to dismiss the appeal on the ground, among others, that the appeal, having been taken on April 12, 1913, from the judgment of January 9, 1913, was not taken within five days after the rendition of the judgment ap-

pealed from; five days being the limit, as fixed by the statute, for the prosecution of appeals from justice courts.—Code, § 4713.

The appeal bond, as will be observed from reading the quotation from it as hereinbefore set out, expressly stated that the appeal was from the judgment rendered by the justice court "on January 9, 1913," against appellant "for $38.05," and not having been filed or approved, as before stated, until "April 12, 1913" (over three months after the rendition of the judgment mentioned), was filed and approved too late to perfect an appeal from that judgment.—Code, supra. However, the defendant (appellant), after the motion was made to dismiss the appeal, asked leave to amend the appeal bond or to file a new appeal bond, so as to show that the appeal was not taken from the judgment of January 9, 1913, for $38.05, as recited in the bond, but was taken from the judgment of April 9, 1913, disallowing her claim of exemptions. This amendment would have brought the appeal within the five days allowed by the statute mentioned.

While it seems to us, contrary to the insistence of appellant, that the other statute (Code, § 4719), which provides, among other things, that "no appeal or certiorari must be dismissed for any defect in such bond, if the party is willing to execute a sufficient bond," has no application to the case here, since it seems that the appellant was not, by offering to make a new bond, seeking to remedy any defect in the original bond, but merely seeking thereby to change the appeal from one judgment to an appeal from another (there being two), yet we refrain from a decision upon the question, as the action of the lower court on the matter never proceeded to the point of a formal judgment, and we are without jurisdiction to entertain the appeal. The supposed

[Wise, Boles & Bowdoin v. Fuller.]

judgment found in the record is merely an informal memorandum, evidently copied into the minutes of the court from the bench notes of the trial judge, and is in words as follows:

"December 6, 1913. Motion granted and appeal dismissed, and defendant given until January 15, 1914, to give supersedeas bond, and defendant offers court to amend appeal bond, and if the said supersedeas bond is not given on or by said date, then writ of procedendo issue."

This does not constitute such a judgment as will support an appeal.—Authorities, supra. As a consequence, the appeal must be dismissed (*Wagnon v. Kennan,* 77 Ala. 519), which is accordingly done.

Appeal dismissed.