### STATE, Plaintiff-Appellee, v. WOODRUFF, Defendant-Appellant.

Ohio Appeals, Second District, Champaign County.

No. 111.   Decided May 24, 1945.

Donald M. Gibbs, Asst. Prosecuting Atty., Urbana, for plaintiff-appellee.

Lowell C. Bodey and Richard P. Faulkner, Urbana, for defendant-appellant.

## OPINION

BY THE COURT:

The defendant was indicted and tried in the Common Pleas Court for embezzlement of public funds and altering public records. The entry of April 21, 1944, discloses the fact that after trial, which lasted about fifteen days, the jury was unable to agree upon a verdict and the Court discharged it. Thereupon, the State' of Ohio, plaintiff below, moved the Court to change the trial of this action from Champaign County, Ohio, to some other county in the state for the reason that a fair and impartial trial of this cause cannot be held in Champaign County.

The questions raised by the motion were elaborately argued by counsel for both the State and the defendant, and the Court held that a fair and impartial trial of the case could not be had in Champaign County, sustained the motion and ordered and directed that the venue be changed to Clark County, an adjacent county.

A motion was made by the defendant that the Court vacate this order granting a change of venue and to grant defendant a new trial. The Court overruled this motion and ordered that the venue of further proceedings be changed to Clark County.

The defendant-appellant gives notice of appeal on questions of law to this Court from the judgment and final order rendered by the Court of Champaign County on the ·24th day of October, 1944, and also notice of appeal on questions of law from the overruling of his motion for a new trial.

The State files a motion to dismiss the appeal because it is not taken from a final order.

We are of opinion that we may not properly consider this appeal for the reason that the order sought to be reviewed is not a judgment or final order under the statute, §12223-2 GC, and upon the authority of Snell v The Cincinnati Street Railway Company, 60 Oh St 256, 5th syllabus:

"An order overruling an application for a change of venue is not an order made in a special proceeding which may be made the foundation of an independent proceeding in error, but is properly reviewable on error prosecuted to the final judgment in the action. * * *."

The Court there held that the order was but an interlocutory one in the progress of the case which could not be made the foundation of an independent proceeding in error,

112

but was properly reviewable on error prosecuted to the final judgment.

The order granting the State's change of venue is not final under the definition of §12223-2 GC:

"An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, or an order affecting a substantial right made in a special proceeding, * * *, is a final order * * *."

The order does affect a substantial right in the action but it does not determine the action and prevent a judgment nor was the order made in a special proceeding.

Inasmuch as we do not have an appealable order, it is not necessary or proper to consider the errors assigned because no appeal is pending before us.

The appeal will be dismissed.

HORNBECK, P. J., GEIGER and MILLER, JJ., concur.