61 So.2d 870

## GRIFFITH v. STATE.

### 2 Div. 854.

Court of Appeals of Alabama.
Dec. 9, 1952.

---

White, Bradley, Arant, All & Rose, Birmingham and H. A. Lloyd and W. W. Dinning, Demopolis, for appellant.

Si Garrett, Atty. Gen., and Wm. H. Sanders, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The appellant, John A. Griffith, stood for trial in the circuit court on an indictment charging embezzlement. He made a motion for a change of venue. After considerable testimony was taken in support of the motion, it was overruled by the presiding judge.

Apparently the trial proceedings were terminated at this point. In any event, the record does not contain any final judgment, and this appeal is predicated on the judgment of the court in denying the motion for a change of venue.

The right of appeal to the appellate courts is a privilege granted by statute, and the authority for the appeal must be found in the statute. Ex parte Jonas, 186 Ala. 567, 64 So. 960; State v. Seminole Bottling Co., 235 Ala. 217, 178 So. 237.

The pertinent part of Section 754, Title 7, Code 1940, is:

"*From any final judgment or decree* of the circuit court, or courts of like jurisdiction, or probate court, except in such cases as are otherwise directed by law, an appeal lies to the supreme court * * *." (Emphasis ours.)

Title 15, Sec. 267, Code 1940 provides:

"Any person charged with an indictable offense may have his trial removed to another county, on making application to the court, setting forth specifically the reasons why he cannot have a fair and impartial trial in the county in which the indictment is found; which application must be sworn to by him, and must be made as early as practicable before the trial, or may be made after conviction, on new trial being granted. The refusal of such application may, *after final judgment,* be reviewed and revised on appeal, and the supreme court or court of appeals shall reverse and remand or render such judgment on said application, as it may deem right, without any presumption in favor of the judgment or ruling of the lower court on said application. If the defendant is in confinement, the application may be heard and determined without the personal presence of the defendant in court." (Emphasis ours.)

The test of the finality of a judgment or decree is stated in 4 C.J.S., Appeal and Error, § 94, pages 185 and 186:

"The test of the finality of a judgment or decree to support an appeal is not whether the cause remains in fieri awaiting further proceedings in such court to entitle the parties to their acquired rights, but whether such judgment or decree ascertains and declares such rights embracing the substantial merits of the controversy and material issues litigated or necessarily involved in the litigation."

See also, Ex parte Elyton Land Co., 104 Ala. 88, 15 So. 939; Carter v. Mitchell, 225 Ala. 287, 142 So. 514.

In the early case of Bryan v. State, 43 Ala. 321, the court held in effect that a ruling on an application for change of venue is not a final judgment from which an appeal can be prosecuted.

We do not find any other authority in this jurisdiction in which this exact question was reviewed. There are many cases, of course, in which the matter of the finali-

**640**

ty of the judgment was involved. These present logical reasoning which force the conclusion that an appeal will not lie in the case at bar.

The Supreme Court of Louisiana in the case of State v. Pool, 138 La. 228, 70 So. 107, held that the judgment on a motion of instant concern was merely interlocutory from which an appeal could not be prosecuted. See also, State v. Woodruff, 77 Ohio App. 278, 62 N.E.2d 926.

We hope that we have not left the impression that the propriety of the ruling of the lower court on the motion for a change of venue is not reviewable on appeal after final judgment. The right to this review is given by statute.

There being no final judgment in the instant record, the appeal is without authority of law and therefore must be dismissed. It is so ordered.

Appeal dismissed.