STATE *v.* LANGSTAFF.

4965                                    332 S. W. 2d 614

Opinion delivered February 22, 1960.

[Rehearing denied March 28, 1960]

*Bruce Bennett,* Attorney General, By: *Clyde Calliotte,* for appellant.

*Switzer & Switzer,* for appellee.

GEORGE ROSE SMITH, J.   The appellee was arrested for speeding on a highway in Egypt township, Ashley county, and was given a traffic ticket directing him to appear in the Hamburg municipal court in the adjoining township of Carter.   He contested the jurisdiction of the municipal court, contending that the arresting officer should have ordered him to appear before a justice of the peace in Egypt township.   The municipal court rejected this plea, but on appeal the circuit court reversed the municipal court's decision and remanded the case with directions that it be transferred to a justice of the peace in Egypt township.   From that order the State has undertaken to appeal.

The appeal must be dismissed for want of a final order.   "A judgment, to be final, must dismiss the parties from the Court, discharge them from the action, or

conclude their rights to the subject matter in controversy." *Bank of the State* v. *Bates,* 10 Ark. 631. The circuit court in substance ordered that the venue be changed to Egypt township. An order granting or denying a change of venue is not final, for the cause still stands for trial. *Griffith* v. *State,* 36 Ala. App. 638, 61 So. 2d 870; *State* v. *Woodruff,* 77 Ohio App. 278, 62 N. E. 2d 926.

The State is in' error in contending that it is .permitted by statute to appeal from an interlocutory order. The statute relied upon, Ark. Stats. 1947, § 43-2706, was part of Title 9, Article 1, of the Criminal Code, which is applicable only to felonies. There is no similar provision in Article 2 of Title 9, which applies to misdemeanors and therefore governs this case.

Appeal dismissed.