STATE of Arkansas *v.* James W. GIBBONS

CR 73-101                               500 S.W. 2d 341

Opinion delivered October 22, 1973

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Deputy Atty. Gen., for appellant.

*Howell, Price, Howell & Barron,* for appellee.

J. FRED JONES, Justice. James W. Gibbons was indicted by a Pulaski County grand jury for the crime of pandering. At his trial in the Pulaski County Circuit Court certain tape recordings were offered in evidence by the state and refused by the trial court. A mistrial was declared in connection with some matter not in the record before us, and the state brings this appeal assigning three errors in connection with the trial court's refusal to admit the sound recordings in evidence. The appellee Gibbons contends that there is no authority for an appeal by the state from an interlocutory order and we agree.

The appeal in this case was perfected under the provisions of Ark. Stat. Ann. § 43-2720 (Repl. 1964) setting out the method of perfecting an appeal in a felony case where an appeal on behalf of the state is desired. Ark. Stat. Ann. § 43-2733 (Repl. 1964) sets out the procedure for appeals in misdemeanor cases when an appeal by the state is desired. The state apparently relied on Ark. Stat. Ann. § 43-2706 (Repl. 1964) in attempting this appeal from an interlocutory order. This statute was repealed by Act 333 of 1971 but it originally read as follows:

"An appeal shall only be taken on a final judgment *except on behalf of the State.*" (Emphasis added).

We have held that the state was entitled to appeal from the entry of an interlocutory order *in felony cases* under this statute. See *State* v. *Flynn,* 31 Ark. 35; *State* v. *Robinson,* 55 Ark. 439, 18 S.W. 2d 541.

In *State* v. *Langstaff,* 231 Ark. 736, 332 S.W. 2d 614, we held that the state was not entitled to an appeal from an interlocutory order in a misdemeanor case

and pointed out that § 43-2706 was a part of Title 9, Art. 1, of the Criminal Code which is applicable only to felonies and not to misdemeanors.

Act 333 of the Arkansas Legislature for 1971 was an Act to simplify the procedure for appeals from the circuit court to the Supreme Court in criminal cases. After providing for an absolute right of appeal from misdemeanor as well as felony convictions in the circuit courts, this Act concludes with §§ 13 and 14 as follows:

> "SECTION 13. *Appeal by the Prosecution.* The manner in which the state or other prosecuting party may appeal in a criminal case is not altered by this act.
>
> SECTION 14. *Repeal of Laws.* All laws and parts of laws in conflict herewith, including but not limited to the following, are hereby repealed: Ark. Stat. Ann. §§ 43-2301, 43-2701, 43-2703, 43-2704, 43-2705, 43-2706, 43-2708, 43-2709, 43-2710, 43-2711, 43-2712, 43-2713, 43-2723, 43-2725, 43-2731, 43-2732, 43-2734, 43-2736, 43-2737, 43-2738."

Thus it is seen that § 43-2706, *supra,* was repealed outright but §§ 43-2720 and 43-2733 were not disturbed by Act 333.

The case of *State* v. *Cosentino,* 252 Ark. 68, 477 S.W. 2d 460, was another appeal by the state from an interlocutory order in a misdemeanor case which was considered by this court in March, 1972, after the effective date of Act 333 of 1971. In that case we followed our decision in *State* v. *Langstaff, supra,* and concluded that opinion as follows:

> "Without deciding the point, we call attention to the possibility that the State's privilege of appealing from interlocutory orders in *felony cases,* under Ark. Stat. Ann. § 43-2706 (Repl. 1964), may have been abrogated by §§ 13 and 14 of Act 333 of 1971. See Ark. Stat. Ann. §§ 43-2706 and -2720.1 (Supp. 1971)." (Emphasis added).

As already pointed out, the appeals in *Langstaff* and *Cosentino* were from interlocutory orders in *misdemeanor cases* and our decisions in those cases turned on the fact that the exception in favor of the state found in § 43-2706 simply did not apply to misdemeanor cases. In the case at bar, the accused is charged with a felony and we now hold, as we strongly indicated in *Cosentino*, that Ark. Stat. Ann. § 43-2706 (Repl. 1964) was repealed by Act 333 of 1971, and the state no longer has the right of interlocutory appeal reserved to it by the exception in § 43-2706, *supra*.

The state argues that since the manner in which the state or other prosecuting party may appeal in a criminal case was specifically excluded from the effects of Act 333, the state may still appeal from an interlocutory order in a felony case. We find no merit in this argument. The state may still perfect its appeals by the procedures set out in §§ 43-2720 and 43-2733 which were not repealed or altered by Act 333.

The appeal is dismissed.