In 1985, Siegfred Jerome Peoples, the petitioner, pleaded guilty to, and was convicted of, first and second degree burglary and second degree escape. No direct appeal was taken. In November of 1987, the petitioner filed a petition for post-conviction relief under Rule 20, Temp.A.R.Cr.P., seeking to set aside those convictions. This appeal is from the denial of that petition.
After the petition had been filed, the circuit court issued the following order to show cause:
"ORDER TO SHOW CAUSE
 "On October 27, 1987, the Court ordered the Defendant not to file any further post-judgment motions, inasmuch as the defendant had already filed sixteen post-judgment motions in each of these cases. A copy of said order was served on the defendant by mail. Thereafter, on November 9 and November 16, 1987, the defendant filed further post-judgment motions in these cases in direct violation of said court order.
 "It is therefore ORDERED that the defendant show cause why he should not be held in contempt and punished therefor."
Counsel was appointed to represent the petitioner and in February of 1988, an evidentiary hearing was held on the issue of whether or not the petitioner should be held in contempt. During the course of *Page 325 
that hearing, the circuit judge stated, "I don't mean for him to file anything else with me again under any circumstances even with regard to these cases. . . . He has exhausted all of his rights with regard to these cases. He has no more rights with regard to these cases." The circuit judge found that the petitioner had "trifled with this court for years" and told the petitioner that if he filed "one more piece of paper with this court about this case" he would be held in contempt and fined $100. The judge stated: "And I am finding and holding that you exhausted your post-trial rights by filing again and again, groundless, incorrect motions of various kinds for post-judgment relief and then never appealing any of the denials of those. You have exhausted all of your rights to have any Judge of this court to do anything for you in these cases."
After the contempt hearing, the judge declined to hold the petitioner in contempt and issued the following order:
"ORDER ON EACH OF THE FOLLOWING MOTIONS:
 "PETITION FOR RELIEF FROM CONVICTION, FILED NOVEMBER 9, 1987 "MOTION TO PROCEED WITHOUT PREPAYMENT OF COURT COSTS FILED NOVEMBER 9, 1987
 "MOTION TO PROCEED IN FORMA PAUPERIS, FILED NOVEMBER 16, 1987
 "MOTION FOR PRODUCTION, FILED NOVEMBER 16, 1987
 "On April 1, 1985 the defendant entered guilty pleas in all three of these cases; and, pursuant to a plea bargain covering all three cases, the court sentenced the defendant to penitentiary terms of twenty-five years, ten years, and twenty years respectively, all to run concurrently. Since the sentencing, this defendant has filed a total of twenty post-judgment motions. The four decided by this order are the last of the twenty.
 "The defendant began filing his series of post-judgment motions within days after his guilty pleas, and he has continued filing the motions at a steady rate throughout the ensuing years. In some of the motions he attacked the legality of the sentencing proceeding on grounds of the same general nature as those in the four pending motions. An example is the defendant's `motion to obtain a copy of sentencing transcript,' filed on August 1, 1985. In other motions he assigned frivolous grounds, such as that he had learned his lesson and that his daughter needed her father to bring her up right. Examples are his `petition for a motion for modification of sentences,' filed on April 24, 1985 and his `petition for modification of sentences,' filed on June 7, 1985.
 "All of the defendant's first sixteen post-judgment motions have been denied. None of these rulings have been effectively appealed.
 "Now, with regard to the defendant's seventeenth, eighteenth, nineteenth, and twentieth post-judgment motions, the titles of which appear in the heading of this order, the court finds and holds that the matters raised in the motions either have been finally determined by un-appealed adjudications in the first sixteen motions or have been waived by omission from the first sixteen post-judgment motions. The Court further finds and holds that the defendant's first sixteen post-judgment motions exhausted the defendant's right to apply to this Court for post-judgment relief.
 "Therefore, the defendant's seventeenth, eighteenth, nineteenth, and twentieth post-judgment motions, identified in the heading of this order, are hereby DENIED. The Honorable Greg Hughes, a member of the Mobile Bar, is hereby appointed to represent the defendant in his appeals from these last four rulings." *Page 326 
 I
The circuit judge acted well within the bounds of his discretion in denying the present petition without an evidentiary hearing.
Rule 20.2 (b), Temp.A.R.Cr.P., provides:
 "(b) Successive Petitions. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."
The petitioner has made no showing that good cause exists why the grounds of his last petition were not known or could not have been ascertained through reasonable diligence and presented in his first petition. See Waldon v. State, 284 Ala. 608,609, 227 So.2d 122 (1969); Vintson v. State, 494 So.2d 869
(Ala.Cr.App. 1986); Alexander v. State, 462 So.2d 955
(Ala.Cr.App. 1984). See also Kuhlmann v. Wilson, 477 U.S. 436,106 S.Ct. 2616, 2622, n. 6, 91 L.Ed.2d 364 (1986).
Rule 20.2 (b) addresses the separate and distinct problems of "successive" and "abusive" petitions. "A `successive petition raises grounds identical to those raised and rejected on the merits on a prior petition.' . . . The concept of `abuse of the writ' is founded on the equitable nature of habeas corpus. Thus where a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or engages in other conduct that `disentitle[s] him to the relief he seeks,' the federal court may dismiss the subsequent petition on the ground that the prisoner has abused the writ." Wilson,106 S.Ct. at 2622, n. 6. "[A]buse may be raised sua sponte by the . . . court." Jones v. Estelle, 722 F.2d 159, 164 (5th Cir. 1983), cert. denied, Jones v. McKaskle, 466 U.S. 976,104 S.Ct. 2356, 80 L.Ed.2d 829 (1984).
Here, the circuit judge properly denied the petition on authority of Rule 20.2 (b).
 II
The petitioner contends that the circuit court erred in issuing its order prohibiting him from filing any further motions or pleadings with regard to any of his three convictions. We have searched the record and do not find where this issue was presented to the circuit court. Objections cannot be raised for the first time on appeal. "To be reviewable, error must be preserved by properly invoking adverse rulings by the trial court." Ex parte State,527 So.2d 154 (1988).
The order of the circuit court enjoining the petitioner from filing any motion or pleading with regard to any of his three cases is overbroad. See generally, L. Yackle, PostconvictionRemedies § 155 (1981), Cumulative Supplement (February 1988).
"It is now established beyond doubt that prisoners have a constitutional right of access to the courts." Bounds v. Smith,430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977). Though this right is not absolute or unconditional, restrictions may not deprive inmates of "adequate, effective, and meaningful" access to the courts. Bounds, 430 U.S. at 822,97 S.Ct. at 1495. "[L]itigiousness alone will not support an injunction against a plaintiff, . . . and . . . the use of such measures against a pro se plaintiff should be approached with caution." Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir.), cert. denied, 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed.2d 34 (1980). "Access to the courts is a fundamental tenet of our judicial system; legitimate claims should receive a full and fair hearing no matter how litigious the plaintiff may be." In reOliver, 682 F.2d 443, 446 (3rd Cir. 1982).
However, "a court is [not] powerless to protect itself and its process from abuse by unscrupulous prison inmates." Matterof Green, 586 F.2d 1247, 1251 (8th Cir. 1978), cert. denied,440 U.S. 922, 99 S.Ct. 1249, 59 L.Ed.2d 475 (1979). Courts have an "inherent power . . . to regulate the activities of *Page 327 
abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." Cotner v. Hopkins,795 F.2d 900, 902 (10th Cir. 1986). While those conditions may be "onerous," they "cannot be so burdensome, however, as to deny a litigant meaningful access to the courts." Cotner,795 F.2d at 902.
 "In devising methods to attain the objective of curtailing the activity of such a prisoner, however, courts must carefully observe the fine line between legitimate restraints and an impermissible restriction on a prisoner's constitutional right of access to the courts. Various courts have employed and approved a variety of injunctive devices.
 "As to prisoners who bring frequent or repetitious claims, courts have:
 "— enjoined prisoner litigants from relitigating specific claims or claims arising from the same set of factual circumstances;
 "— required litigants to accompany all future pleadings with affidavits certifying that the claims being raised are novel, subject to contempt for false swearing;
 "— directed the litigant to attach to future complaints a list of all cases previously filed involving the same, similar, or related cause of action, and to send an extra copy of each pleading filed to the law clerk of the chief judge of the district;
 "— directed the litigant to seek leave of court before filing pleadings in any new or pending lawsuit;
 "— permitted abusive prisoner litigants to file in forma pauperis only claims alleging actual or threatened physical harm; and requiring payment of a filing fee to bring other claims;
 "— limited the number of filings by a particular inmate; and
 "— entered injunctions prohibiting the abusive prisoner from acting as a writ writer or jailhouse lawyer for other inmates.
 "We do not here intend to indicate how this Court would treat any of the above injunctions in a particular case, but cite them as examples of how other courts have handled the problem. Other restrictions which might be considered by a court attempting to deal with the problems created by a litigant such as Procup include:
 "— limitation of the number of pages to a complaint and other pleadings;
 "— requiring a plaintiff to file an affidavit setting forth what attempts he has made to obtain an attorney to represent him;
 "— limitation of further pleadings without order of court, after the complaint has been filed.
 "This list is intended to be neither exhaustive nor limiting. As new ideas develop and old devices prove ineffective, the judiciary must respond with imaginative new techniques designed to protect the court access of all litigants." Procup v. Strickland, 792 F.2d 1069, 1072-73 (11th Cir. 1986).
The "virtual flood of post-conviction claims made by prisoners in both state and federal proceedings" has been recognized by the courts of this state on a number of occasions. Ex parte Boatwright, 471 So.2d 1257, 1259 (Ala. 1985) (Justice Maddox concurring specially); Ex parte Kennedy,518 So.2d 674 (Ala. 1986); Cooper v. Wiman, 273 Ala. 699, 701,145 So.2d 216 (1962), cert. denied, 371 U.S. 958, 83 S.Ct. 516,9 L.Ed.2d 505 (1963); Warden v. State, 41 Ala. App. 449, 450-51,134 So.2d 783 (1961). Additionally, we do not question the circuit court's finding that the petitioner had "trifled with this court for years," had shown "utter disrespect for this court," had exhibited "an absolute lack of appreciation for this [judicial system] and such an absolute glibness about the offense" to which he pleaded guilty. Under these circumstances, it would be appropriate for the circuit court to enjoin the petitioner from filing any pleading or motion raising the same or a similar ground presented or raised or which could have been presented or raised in an earlier pleading unless the petitioner "shows both that good cause exists why the new ground or grounds were not known or could not *Page 328 
have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice." Rule 20.2 (b), Temp.A.R.Cr.P. See Safir v. United States Lines, Inc.,792 F.2d 19, 25 (2nd Cir. 1986); Urban v. United Nations,768 F.2d 1497, 1500 (D.C. 1986). The order of the 11th Circuit United States Court of Appeals in Procup, 792 F.2d at 1074, is applicable in this case:
 "We do not here design the kind of injunction that would be appropriate in this case. Considerable discretion necessarily is reposed in the district court. Procup can be severely restricted as to what he may file and how he must behave in his applications for judicial relief. He just cannot be completely foreclosed from any access to the court. The injunction is vacated and the case is remanded for the district court to consider an appropriate substitute order."
The judgment of the circuit court denying the Rule 20 post-conviction petition is affirmed. The order of prohibition issued by the circuit court is reversed and this cause is remanded for the circuit court to consider an appropriate substitute order.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
All Judges concur.