The appellant, Charles Edwin Coleman, filed three A.R.Crim.P.Temp. 20 petitions contesting the validity of his sentences (which had been enhanced under the Habitual Felony Offender Act by two prior felony convictions) for a 1983 conviction for second degree forgery (23 years); a 1983 conviction for possession of a forged instrument (23 years); and 1982 convictions for third degree robbery and first degree receiving stolen property (15 years). Prior to the filing of these petitions, the Eleventh Circuit Court of Appeals granted Coleman's petition for writ of habeas corpus as to those two earlier convictions, his 1972 conviction for assault with intent to murder and his 1977 conviction for larceny from a person, and ordered that these convictions be set aside.Coleman v. Alabama, 827 F.2d 1469 (11th Cir. 1987). In the Rule 20 petitions, Coleman asserts that his sentences are void because they were enhanced by the two convictions subsequently ordered by the federal court to be set aside. Coleman also asserts that this ground could not have been asserted in any previous petition because the proper way to attack a prior conviction being used for enhancement is by a collateral petition and not at the sentencing hearing and that, in following this procedure, he had to proceed all the way to the Eleventh Circuit to procure relief.
The procedural chronology of events in the trial court is as follows:
 October 21, 1987: Mandate is issued from Eleventh Circuit in Coleman v. Alabama.
 November 18, 1987: Coleman files a motion to allow him to participate as co-counsel at his resentencing.
 The Rule 20 petition pertaining to his robbery and receiving stolen property convictions is filed. The other two petitions are not marked as filed or so designated in the case action summary.
 December 7, 1987: Coleman's motion to act as co-counsel is denied.
December 18, 1987: Coleman files notice of appeal.
 December 30, 1987: Trial court notes, in minute entry, that Coleman "has filed notice of appeal and this Court has no further jurisdiction in the case."
 January 8, 1988: Transcript is mailed to the Court of Criminal Appeals.
 January 12, 1988: Rule 20 petition, pertaining to the forgery conviction, is denied, without an order reflecting any findings.
Coleman's notice of appeal cites the trial court's judgment of December 7, 1987, as the judgment from which he is appealing. The minute entry of this date states the following:
 "On the 7th day of December, 1987, Petitioner's request to act as co-counsel is denied. This Court notes that last petition of defendant-petitioner was to a magistrate in U.S. District Court, it being denied. This Court has denied about 10 in past 4 years and will continue to do so. Clerk advise."
We do not consider this minute entry to reflect a final judgment. "A final judgment, decision or order which will support an appeal, is one which puts an end to the proceedings between the parties to a cause in that court, and leaves nothing further to be done." Sparks v. State, 40 Ala. App. 551,554, 119 So.2d 596, 599 (1959), cert. denied, 270 Ala. 488,119 So.2d 600 (1960). In Griffith v. State, 36 Ala. App. 638, 639,61 So.2d 870, 871 (1952), the court adopted the following test of the finality of a judgment, *Page 456 
as it was stated in 4 C.J.S., Appeal and Error, § 94:
 "The test of finality of a judgment or decree to support an appeal is not whether the cause remains in fieri awaiting further proceedings in such court to entitle the parties to their acquired rights, but whether such judgment or decree ascertains and declares such rights embracing the substantial merits of the controversy and material issues litigated or necessarily involved in the litigation. [Footnotes omitted.]"
Clearly, the court's denial of Coleman's request to act as co-counsel does not meet this test of finality. Moreover, we find that the court's superfluous remark that it will continue to deny any petition filed by Coleman does not constitute a final judgment on Coleman's petitions then before the court. We find the following reasoning to support this latter conclusion:
 "The mere announcement of an opinion by the court, or even the entry by the circuit or city court on the trial or motion docket of its rulings on demurrers or motions, is not a judgment, but merely a direction of the presiding judge to the clerk as to what judgment should be entered on the records of the court. Until such direction has been acted on by the clerk, and formal judgment accordingly entered into the minutes of the court, reciting that 'it is ordered and adjudged by the court,' or 'it is the judgment of the court that,' etc., or other words of equivalent import, it is without appealability, for, until such an entry, though it has 'the character of potentiality, it lacks the character of actuality as a judgment, and is without probative force.' [Citations omitted, emphasis added.]"
Edwards v. Davenport, 11 Ala. App. 423, 424, 66 So. 878, 878
(1914) (where the "supposed judgment found in the record [was] merely an informal memorandum, evidently copied into the minutes of the court from the bench notes of the trial judge,"id. at 426-27, 66 So. at 879). "A judgment should be complete and certain in itself, and must appear to be the act — the adjudication — of the court, and not a memorandum or certified result." Bell v. Otts, 101 Ala. 186, 188, 13 So. 43, 43 (1893). "Our [supreme court's] cases hold that the mere expression in a decree of the judge's opinion as to the merits of the case, not followed by an order or decree that complainant is entitled to relief, or adjudicating the fact referred to, does not constitute a final decree upon the matter, and will not support an appeal." Bronson v. Youngblood, 276 Ala. 14, 15,158 So.2d 656, 657 (1963). The court's superfluous remark cannot be considered a final judgment, for "to support it as such would be to sanction an uncertainty and looseness in the record and preservation of solemn and important judicial ascertainments, such as would be pernicious." Bell, 101 Ala. at 188,13 So. at 43.
There being no final judgment in the instant record from which Coleman appealed, Coleman's appeal is without authority of the law and, accordingly, must be dismissed. "We allow an appeal from a judgment which denies coram nobis because such judgment is finally dispositive of all litigation (except for habeas corpus where jurisdiction has been exceeded) after a judgment of conviction has become final." State v. Bibby,47 Ala. App. 240, 242, 252 So.2d 662, 663-64 (1971) (emphasis added; other emphasis omitted). "Where there is no final judgment a purported appeal is due to be dismissed," Esters v.State, 54 Ala. App. 383, 383, 308 So.2d 742, 742 (1975), and it is the duty of the appellate court to dismiss the appeal ex mero motu, Powell v. Republic National Life Insurance Co.,293 Ala. 101, 300 So.2d 359 (1974). Of course, this dismissal is without prejudice to the bringing of another petition.
Although we are required to dismiss this appeal, we are concerned over the trial court's expressed opinion that it will continue to deny any petition filed by Coleman. *Page 457 
In Peoples v. State, 531 So.2d 323, 327 (Ala.Cr.App. 1988), the court observed,
 "The 'virtual flood of post-conviction claims made by prisoners in both state and federal proceedings' has been recognized by the courts of this state on a number of occasions. Ex parte Boatwright, 471 So.2d 1257, 1259 (Ala. 1985) (Justice Maddox concurring specially); Ex parte Kennedy, 518 So.2d 674 (Ala. 1986); Cooper v. Wiman, 273 Ala. 699, 701, 145 So.2d 216 (1962), cert. denied, 371 U.S. 958, 83 S.Ct. 516, 9 L.Ed.2d 505 (1963); Warden v. State, 41 Ala. App. 449, 450-51, 134 So.2d 783 (1961)."
However, the Peoples court also advanced the following warning:
 " 'It is now established beyond doubt that prisoners have a constitutional right of access to the courts.' Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977). Though this right is not absolute or unconditional, restrictions may not deprive inmates of 'adequate, effective, and meaningful' access to the courts. Bounds, 430 U.S. at 822, 97 S.Ct. at 1495. '[L]itigiousness alone will not support an injunction against a plaintiff, . . . and . . . the use of such measures against a pro se plaintiff should be approached with caution.' Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir.), cert. denied, 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed.2d 34 (1980). 'Access to the courts is a fundamental tenet of our judicial system; legitimate claims should receive a full and fair hearing no matter how litigious the plaintiff may be.' In re Oliver, 682 F.2d 443, 446
(3rd Cir. 1982)."
Id. at 326. Although trial courts, in regulating the activities of abusive litigants, may impose restrictions under appropriate circumstances, these restrictions cannot deny the litigant meaningful access to the courts. Id. at 326-27 (quoting Cotnerv. Hopkins, 795 F.2d 900, 902 (10th Cir. 1986)). As with the circumstances in Peoples, we find, under the instant circumstances, that
 "it would be appropriate for the circuit court to enjoin the petitioner from filing any pleading or motion raising the same or a similar ground presented or raised or which could have been presented or raised in an earlier pleading unless the petitioner 'shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice.' Rule 20.2(b), Temp.A.R.Cr.P."
Id. at 327-28. In the event that Coleman files another Rule 20 petition, we believe that Coleman can meet these requirements in regard to the issue asserted in the three petitions, and we encourage prompt and meaningful review of Coleman's claim.
APPEAL DISMISSED.
All Judges concur.