ON RETURN TO REMAND

BOWEN, Presiding Judge.
On remand, the trial court entered the following order:
“This cause coming on to be heard[1] upon remand by the Alabama Court of Criminal Appeals to determine whether or not a conflict of interest existed by the fact that trial counsel for the Defendant had previously represented the State’s witness, Demetrius Wiley, in a probation revocation hearing and if so, whether the Defendant was aware of said conflict and waived his right to conflict-free counsel. If the Defendant was not aware of said conflict, whether said conflict adversely affected trial counsel.
“As indicated by the record, the Defendant’s trial counsel, Hon. Connie Parson, represented the State’s witness, Demetrius Wiley, in a probation revocation hearing in case number CC 91-3184. In that case Mr. Wiley was continued on probation by another court. Subsequently Mr. Parson represented the Defendant in this case and engaged in cross-examination of the State’s witness, Mr. Wiley.
“The Appellate Court should be made aware that Attorney Connie Parson is deceased and no inquiry can be made of him. Upon calling this matter to hearing it has been determined that there is no transcript of the August 7,1992 hearing wherein a motion to withdraw was handled by the Court and an application for Youthful Offender was filed. All parties before the Court stipulate that the Defendant was not aware of the fact that Attorney Parson had previously represented Mr. Wiley. No evidence was presented that Attorney Parson gained any special or privileged information by said representation except, of course, Attorney Parson was aware of the fact that said witness had a previous conviction under the Youthful Offender Act which was not brought up at the trial of this case. There was no evidence presented to this Court of any conflict of interest, nor was any evidence presented that the defendant’s trial was adversely affected.
“This Court handled the trial of this Defendant and had the opportunity to observe Attorney Parson in his representation of Defendant and cross-examination of Mr. Wiley. This Court observed nothing that would indicate any deficient performance on the part of said attorney and that cross-examination was thorough and sifting and fully satisfied the Defendant’s right to counsel. It is the finding of this Court that any conflict of interest, whether actual or presumed, did not adversely affect trial counsel for the Defendant.”
There is nothing in the record to contradict these findings by the trial court. Consequently, the judgment of the circuit court is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.

. No testimony was taken at the hearing held on remand. In our opinion of February 11, 1994, 651 So.2d 663, this Court left the determination of whether an evidentiary hearing was necessary to the sound discretion of the trial court.