BOWEN, Presiding Judge.
This is an appeal from the circuit court’s denial of a request to proceed in forma pau-peris filed by the appellant, Tracy Lemans Crandle, in connection with his petition for post-conviction relief.
The circuit court denied the request with the following order:
“The petitioner requests permission to proceed in forma pauperis upon a Rule 32 Petition, which is attached to his request. The only allegations in the petitioner’s Rule 32 Petition which could have any legal consequence either directly contradict the petitioner’s own declarations, ac-knowledgements, and admissions or directly contradict the record itself, including the petitioner’s Ireland Form and the colloquy among the Court, the petitioner, and opposing counsel, in the proceedings wherein the petitioner plead[ed] guilty. The petitioner will not be heard to claim that he himself rendered his own guilty plea proceedings a sham by making false declarations, acknowledgements, and admissions therein and will not be heard to contradict matters expressly established of record without dispute and without room for dispute. Accordingly, on the ground that the underlying Rule 32 petition is utterly frivolous, the request to proceed in forma pau-peris is DENIED.” C.R. 13.
The actual petition for post-conviction relief is not contained in the record on appeal and there has been no request to supplement the record. Consequently, there is absolutely nothing in the record to contradict the findings of the circuit court. See Molton v. State, 651 So.2d 672 (Ala.Cr.App.1994). Here, by denying the appellant’s request to proceed in forma pauperis, the circuit court did not deny the appellant his constitutional right of access to the court because the circuit court actually considered the merits of the appellant’s allegations. “ ‘[A] court is [not] powerless to protect itself and its process from abuse by unscrupulous prison inmates.’ ” Peoples v. State, 531 So.2d 323, 326 (Ala.Cr.App.1988).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.