On March 8, 2002, pursuant to a negotiated agreement, the appellant, Dwayne Anthony Broadway, pled guilty to three counts of unlawful distribution of a controlled substance. The trial court sentenced him to serve concurrent terms of twenty years in prison on each conviction. It then enhanced his sentences by five years because the sales occurred within three miles of a school and an additional five years because the sales occurred within three miles of a public housing project. See §§ 13A-12-250 and13A-12-270, Ala. Code of 1975. The appellant did not appeal his convictions. On July 15, 2002, he filed a Rule 32 petition, challenging his convictions. After the State responded, the circuit court summarily denied the petition. This appeal followed.
The State argues that the circuit court's order denying the appellant's petition is void. Citing Goldsmith v. State,709 So.2d 1352 (Ala.Crim.App. 1997), it contends that the circuit court did not have jurisdiction to rule on the petition because the record does not show that the circuit court granted the appellant's request to proceed in forma pauperis and because the circuit court did not require the appellant to pay the filing fee. The State correctly asserts that the record does not indicate that the circuit court granted the appellant's request to proceed in forma pauperis.[1] In addition, the record does not indicate that the appellant paid the filing fee.
Because we cannot ascertain from the record before us whether the appellant paid the filing fee or whether the circuit court granted the appellant's request to proceed in forma pauperis, we cannot properly address the State's argument that the circuit court did not have jurisdiction to rule on the appellant's petition. See Jackson v. State, 854 So.2d 157 (Ala.Crim.App. 2002). Accordingly, we remand this case to the circuit court with instructions that that court make specific, written findings regarding whether the appellant paid the required filing fee and whether it actually granted his request to proceed in formapauperis. On remand, the circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include the circuit court's written findings.[2]
REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
[1] Although the circuit clerk's notice of appeal indicates that the appellant was granted indigency status in the circuit court and that indigency status was granted on appeal, the record on appeal does not support those assertions.
[2] At this time, we pretermit discussion of the arguments the appellant raises in his brief to this court.
* Note from the reporter of decisions: On March 21, 2003, on return to remand, the Court of Criminal Appeals, without opinion, dismissed the appeal as not being from a valid judgment. *Page 1070