BASCHAB, Judge.
The appellant, Rodreous Boyd, alleges that, on September 30, 2002, he pled guilty to first-degree escape. He also alleges that the trial court sentenced him to serve a term of ten years in prison, but split the sentence and ordered him to serve two years followed by five years on probation. He did not appeal his conviction. On May 15, 2003, the appellant filed a Rule 32 petition, challenging his conviction. Without requiring a response from the State, the circuit court summarily dismissed the petition. This appeal followed.
The State asserts that the record before this court does not establish that the circuit court had jurisdiction to rule on the appellant’s petition because it does not show that the appellant paid a filing fee or that the circuit court granted the appellant’s request to proceed in forma pauper-is. Therefore, it requests that we remand this case to the circuit court for that court to determine whether the appellant paid a filing fee or whether the circuit court granted the appellant’s request to proceed informa pauperis.
*486 The record supports the State’s contention that the record does not indicate that the circuit court granted the appellant’s request to proceed in forma pauperis[1] or that the appellant paid the filing fee. Therefore, we cannot properly determine whether the circuit court had jurisdiction to rule on the appellant’s petition. See Broadway v. State, 881 So.2d 1068 (Ala.Crim.App.2003); Jackson v. State, 854 So.2d 157 (Ala.Crim.App.2002). Accordingly, we remand this case to the circuit court with instructions that that court make specific, written findings regarding whether the appellant paid the required filing fee and whether it actually granted his request to proceed in forma pauperis. On remand, the circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include the circuit court’s written findings.[2]
REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.

. Although the circuit clerk’s notice of appeal [1] indicates that the appellant was granted indi-gency status in the circuit court and on appeal, the record on appeal does not support those assertions.

. At this time, we pretermit discussion of the arguments the appellant raises in his brief to this court.

 Note from the reporter of decisions: On November 14, 2003, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.