SHAW, Judge.
Curtis D. Richards appeals the circuit court’s denial of his Rule 32, Ala.R.Crim. P., petition for postconviction relief, in which he attacked his November 1999 conviction for attempted second-degree rape and his resulting sentence of 10 years’ imprisonment. This Court affirmed Richards’s conviction and sentence on direct appeal in an unpublished memorandum issued on August 18, 2000. See C.R. v. State (CR-99-0904), 814 So.2d 1014 (Ala.Crim.App.2000)(table). This Court issued a certificate of judgment on October 17, 2000.
On September 3, 2002, Richards filed the present petition, along with a request to proceed in forma pauperis. The State filed a response to the Rule 32 petition, and the circuit court conducted an eviden-tiary hearing on the petition. Thereafter, the circuit court denied Richards’s Rule 32 petition. This appeal followed.
On appeal, Richards contends that the circuit court did not have jurisdiction to rule on his petition because, he says, the circuit court did not grant his request to proceed in forma pauperis and that in light of Goldsmith v. State, 709 So.2d 1352 (Ala.Crim.App.1997), this Court should vacate the circuit court’s order denying his petition.
We have reviewed the record on appeal and are unable to ascertain from the record whether the circuit court had jurisdiction to rule on Richards’s petition. Thus, we find it necessary, as we did in Broadway v. State, 881 So.2d 1068 (Ala.Crim.App.2003), and Jackson v. State, 854 So.2d 157 (Ala.Crim.App.2002), to remand this case for the circuit court to make specific, written findings as to whether the circuit *1279 court actually granted Richards’s request to proceed in forma pauperis[1] or whether Richards paid the filing fee. On remand, the circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include the circuit court’s written findings.
REMANDED WITH INSTRUCTIONS. 
McMILLAN, P.J., and COBB and WISE, JJ., concur. BASCHAB, J., recuses herself,

. The circuit clerk's notice of appeal indicates that Richards was granted indigency status in the circuit court and on appeal. (C. 66.) However, as this Court determined in Broadway and Jaclison, this assertion was not supported by the record on appeal.