McMILLAN, Presiding Judge.
On June 19, 2003, the appellant, Kenneth Dewayne Fowler, filed a Rule 32, Ala. R.Crim. P., petition, in which he challenged his October 2, 1997, conviction for robbery in the first degree. In his petition, the appellant stated that he pleaded guilty and that he did not appeal the conviction. The State moved to dismiss the petition, pleading that the appellant’s constitutional claims were barred by the one-year limitations period of Rule 32.2(c) and that his indictment was sufficient because it tracked the language of the statute. The trial court summarily dismissed the appellant’s petition, on the grounds pleaded by the State.
I.
The appellant contends that the trial court erred in dismissing his petition without conducting an evidentiary hearing. However, Rule 32.7(d), Ala. R.Crim. P., permits the summary disposition of a petition that is precluded or that fails to state a claim. The appellant’s petition was precluded because he failed to file it within the one-year limitations period specified in Rule 32.2(c), Ala. R.Crim. P. He also failed to state a jurisdictional claim that would exempt him from the operation of the rule. His claim that the indictment charging him is void was not valid.
An indictment that tracks the language of the statute is sufficient if the statute prescribes with definiteness the elements of the offense. Ex parte Allred, 393 So.2d 1030 (Ala.1980). Here, the indictment tracked the language of the relevant portions of the two robbery statutes, including the relevant elements.[1] The indictment was not void because inapplicable portions of the statutes were not included, as the appellant argued.
II.
The appellant’s second contention is that the trial court’s order of dismissal was without probative force. He argues, citing Coleman v. State, 539 So.2d 454 (Ala.Crim.App.1988), that the mere announcement of an opinion or a direction to the clerk regarding what judgment is to be *1103 entered is insufficient to constitute a final judgment. He further argues, citing Edwards v. Davenport, 11 Ala.App. 423, 66 So. 878 (1914), that the order should have formally recited that “it is ordered and adjudicated by the court,” or the equivalent language.
The cases the appellant cites are inapplicable. The order in Coleman was not a final judgment; it contained only a refusal to allow Coleman to act as cocounsel and an assertion that the court “will continue” to deny any future petitions. 539 So.2d at 456. The present order was a final judgment because it dismissed the appellant’s petition. The language requirements noted in Edwards did not apply because Edwards was decided before the Alabama Supreme Court adopted the Alabama Rules of Criminal Procedure. Rule 26.9(c)(1), Ala. R.Crim. P., requires the circuit clerk to maintain case action summary sheets that show “all motions, rulings, orders, verdicts, and judgments.” The entries are not required to be in “any particular language or form,” but the judge entering the ruling or order is required to “sign or initial all rulings or orders entered” on the summary. Rule 26.9(c)(2), Ala. R.Crim. P. The case action summary in the present case reflects that the State filed its motion to dismiss on July 7, 2003. The summary also reflects that the “Above [Motion to Dismiss was] granted” on July 10, 2003. The July 10 order was not signed or initialed by the judge.
The appellant, however, has not challenged the omission of the judge’s signature and initials. Furthermore, the fact that the entry was not signed or initialed by the judge would not have entitled him to relief. In Holley v. State, 651 So.2d 50, 54 (Ala.Crim.App.1994), the jury verdict was not entered on the case action summary, as required by Rule 26.9(c).[2] This court refused to conclude that the verdict was not “entered into the record” because this conclusion would have “elevate[d] form over substance.” 651 So.2d at 54.
III.
The appellant’s third contention is that the trial court erred in failing to set forth specific findings of fact and conclusions of law to support its denial of his petition. However, Rule 32.9(d), Ala. R.Crim. P., requires findings of fact only if an evidentiary hearing is held. Findings are not required if the petition is dismissed. See Rule 32.9(a), Ala. R.Crim. P.
The appellant also contends that the trial court failed to state specifically whether the claims in his petition were rejected on the merits or on procedural grounds. A statement regarding the basis of the trial court’s ruling, whether procedural or on the merits, must be clear. Henderson v. State, 570 So.2d 879 (Ala. Crim.App.1990). Here, the trial court’s order clearly was based on the same ground as the State’s motion to dismiss. That motion specifically stated that it was based upon Rule 32.2(e), a procedural ground. The appellant has not shown any error in the trial court’s order.
IV.
The appellant contends that the trial court lacked subject-matter jurisdiction to render a judgment because the court failed to rule on his in forma pauperis request or to collect a filing fee before dismissing his petition. He argues that the record does not reflect either a ruling on his request or the collection of the fee.
*1104 We cannot ascertain from the record before us whether the circuit court had jurisdiction to rule on the appellant’s petition. Therefore, as in Richards v. State, 883 So.2d 1278 (Ala.Crim.App.2003), Broadway v. State, 881 So.2d 1068 (Ala. Crim.App.2003), and Jackson v. State, 854 So.2d 157 (Ala.Crim.App.2002), we must remand this case for the circuit court to make specific written findings regarding whether the circuit court granted the appellant’s request to proceed in forma pau-peris or whether the appellant paid the filing fee. The circuit court should file its return to this Court within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
COBB, SHAW, and WISE, JJ., concur. BASCHAB, J., concurs in the result, without opinion.

. The appellant was charged with robbery in the first degree, which includes the elements of robbery in the third degree plus being armed with a deadly weapon or dangerous instrument or causing serious physical injury to another.

. The court had adjudged the appellant guilty in accordance with the jury's verdict and had entered that judgment on the case action summary.

 Note from the reporter of decisions: On April 23, 2004, on return to remand, tire Court of Criminal Appeals affirmed, without opinion.