SHAW, Judge.
Sandy Lewis Whitson appeals the circuit court’s summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his June 2001 guilty-plea conviction for burglary in the third degree and his resulting sentence, as a habitual felony offender, of 30 years’ imprisonment. This Court affirmed Whit-son’s conviction and sentence on direct appeal in an unpublished memorandum issued on August 16, 2002. See Whitson v. State (No. CR-01-1095, August 16, 2002), 868 So.2d 484 (Ala.Crim.App.2002)(table). The Alabama Supreme Court denied cer-tiorari review, and this Court issued a certificate of judgment on January 31, 2003.
Whitson filed the present petition on July 10, 2003, along with an affidavit of substantial hardship. In his petition, Whitson claims (1) that his guilty plea was unlawfully induced or not made voluntarily with an understanding of the nature of the charge and the consequences of the plea, and (2) that the trial court lacked jurisdiction to render the judgment or to impose the sentence. Apparently, the State filed a response to Whitson’s Rule 32 petition and the circuit court issued an order summarily denying the petition; however, those documents are not contained in the record on appeal.
Both in his motion for the circuit court to reconsider its determination and on appeal Whitson contends that the circuit court lacked subject-matter jurisdiction to rule on his Rule 32 petition because, he says, the record does not show that the circuit court ever ruled on his affidavit of substantial hardship. In Goldsmith v. State, 709 So.2d 1352 (Ala.Crim.App.1997), this Court held that absent the payment of a filing fee or the grant of a request to proceed in forma pauperis, the circuit court does not obtain jurisdiction over the postconviction petition.
We have reviewed the record on appeal, and we are unable to ascertain from the record whether the circuit court had jurisdiction to rule on Whitson’s petition. Thus, we find it necessary, as we did in Broadway v. State, 881 So.2d 1068 (Ala.Crim.App.2003), and Jackson v. State, 854 So.2d 157 (Ala.Crim.App.2002), to remand this case for the circuit court to make specific, written findings as to whether the circuit court actually granted Whitson’s request to proceed in forma pauperis[1] or whether Whitson paid the filing fee. On remand, the circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include the circuit court’s written findings as well as a copy of the State’s response to Whitson’s Rule 32 petition and a copy of the circuit court’s order summarily denying Whitson’s Rule 32 petition, which were omitted from the record on appeal.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.

. The circuit clerk's notice of appeal indicates that Whitson was granted indigency status in the circuit court. (C. 35.) However, as this Court determined in Broadway and Jackson, the record on appeal does not support this assertion.

 Note from the reporter of decisions: On May 21, 2004, on return to remand, the Court of Criminal Appeals affirmed, without opinion.